## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IDOWU RAJI, | : | No. 3:25cv1535 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN J. GREENE, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Idowu Raji ("Raji") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In his habeas petition, Raji seeks an order to transfer him to home confinement or a Residential Re-Entry Center ("RRC") to serve the remainder of his prison sentence in accordance with an incentive provision in the Second Chance Act of 2007.[1] The petition will be dismissed without prejudice for failure to exhaust administrative remedies.

### I.   Background

Raji, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), is serving a 94-month term of imprisonment imposed by the United States District

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of pre-release placement in an RRC from 6 to 12 months. 18 U.S.C. §§ 3624(c)(1), (c)(6)(C).

Court for the District of Maryland for access device fraud, conspiracy to commit access device fraud, and aggravated identity theft.  (Doc. 1, at 1; see also United States v. Raji, No. 1:20-cr-369 (D. Md.), Doc. 115).

Raji acknowledges that he has not exhausted his administrative remedies with respect to the claim in the instant habeas petition, however, he asserts that he should be excused from exhausting the administrative remedies due to futility. (Doc. 1, at 2-3; Doc. 1-1, at 2-3).  In support of this argument, Raji asserts that by the time he fully exhausts his administrative remedies, he would be within 12 months before his release date, essentially rendering his petition moot.  (Doc. 1-1, at 2-3).

According to the BOP Inmate Locator, Raji has a projected release date of October 12, 2026.  See https://www.bop.gov/inmateloc/ (accessed Aug. 19, 2025).

## II.    **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

III.   **Discussion**

Dismissal of this case under Rule 4 is appropriate because Raji failed to exhaust administrative remedies.

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and— ultimately—final appeal to the general counsel.  Id. §§ 542.13-.15.  No administrative remedy is considered fully exhausted until reviewed by the general counsel.  Id. § 542.15(a).

3

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review.  <u>Moscato</u>, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  <u>Rose v. Lundy</u>, 455 U.S. 509, 516 n.7 (1982).

Raji concedes that he did not complete the BOP's administrative remedy program prior to filing the instant habeas petition.  (Doc. 1, at 2-3; Doc. 1-1, at 2-3).  With respect to his present claim, Raji submitted an appeal to the general counsel on August 5, 2025, and has not yet received a final decision from the general counsel.  (Doc. 1, at 3 (stating that his appeal is "pending"); Doc. 1-6, Central Office Administrative Remedy Appeal dated Aug. 5, 2025).  Raji does not provide any basis to establish cause and prejudice to excuse his failure to fully complete the final step in the administrative remedy process.

Raji instead maintains that exhaustion would be "futile."  (Doc. 1-1, at 3).  Raji appears to argue that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed.  (<u>Id.</u>

4

(stating that exhaustion is futile and "time-sensitive")).  The court, however, is unpersuaded by Raji's argument, as it does not provide a basis to excuse exhaustion.  See, e.g., Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)).  Additionally, the court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

Raji was required to pursue his claim through final review with the general counsel and receive a decision from the general counsel.  See 28 C.F.R. § 542.15(a).  He did not, and thus procedurally defaulted his claim.

Because Raji acknowledges that he has not exhausted his administrative remedies, and there does not appear to be any basis to excuse exhaustion, the court will dismiss his petition without prejudice for failure to exhaust administrative remedies.  See Moscato, 98 F.3d at 762; Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [petitioner] readily acknowledges that he failed to exhaust available administrative grievance

processes, the District Court was correct to dismiss his petition." (citing <u>Moscato</u>, 98 F.3d at 760)).

## IV.  <u>Conclusion</u>

Consistent with the foregoing, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. (Doc. 1).  An appropriate order shall issue.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Dated:**    **August ⟨⟩ , 2025**

6